THOMAS J. LLOYD III, ISB No. 7772
GREENER BURKE SHOEMAKER OBERRECHT P.A.
950 W. Bannock Street, Suite 950
Boise, ID 83702
Telephone:  (208) 319-2600
Facsimile:  (208) 319-2601
Email: tlloyd@greenerlaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARY K. FITE, an individual, | Case No. _____ |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| WESTERN WATERSHEDS PROJECT, INC., an Idaho corporation, | |
| Defendant. | |

COMES NOW Plaintiff Mary K. Fite ("Fite"), by and through her counsel of record Thomas J. Lloyd III of the firm GREENER BURKE SHOEMAKER OBERRECHT P.A., and for a cause of action against Defendant Western Watersheds Project, Inc., hereby complains and alleges as follows.

## PARTIES

1.      Plaintiff Mary K. Fite is, and at all times relevant to the events alleged herein was, a resident of Ada County, Idaho.  At the time of the employment termination that forms the subject matter of this Complaint, Ms. Fite was sixty (60) years of age.

2.      Defendant Western Watershed Project, Inc. (hereinafter "WWP") is, and at all times relevant to the events alleged herein was, an Idaho corporation with its principal place of business in Hailey, Blaine County, Idaho.  The registered agent for Defendant WWP is Travis Bruner, 126 S. Main Street, Suite B2, P.O. Box 1770, Hailey, Idaho 83333.

## JURISDICTION & VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this lawsuit involves alleged violations by Defendant WWP of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.

4.      This Court has supplemental jurisdiction over the claims alleged herein under Idaho state law pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in the United States District Court for the District of Idaho pursuant to  28 U.S.C. § 1391(b), as Defendant WWP is a resident of the state of Idaho pursuant to 28 U.S.C. § 1391(c)(2), and is incorporated and located within the state of Idaho, and the acts giving rise to this Complaint occurred in Ada County, Idaho.

## GENERAL ALLEGATIONS

6.      Plaintiff hereby incorporates by references paragraphs 1 through 6 above as if fully set forth herein.

7.      Plaintiff is, and at all time relevant hereto was, an individual who is at least forty (40) years old, and is therefore a member of the protected class of individuals under the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq.*), and the Idaho Human Rights Act (Idaho Code § 67-5910(9)).

8. Beginning in or about 2003, Plaintiff was an employee of Defendant WWP, employed as a Biodiversity Director. According to the employment arrangement between Fite and WWP, Fite earned approximately fifty thousand dollars ($50,000.00) per year, plus other benefits.

9. At all times during the course of her employment, Fite performed her duties in a competent and professional manner, and was considered a valued employee who met and/or exceeded her employment-based expectations.

10. In or about March, 2014, the Board of Directors for WWP hired a new Executive Director, Travis Bruner.

11. In the five-year period up to and including January, 2015, including under the leadership of Mr. Bruner, WWP terminated at least three (3) employees who were, upon information and belief, fifty (50) years of age or older.

12. During this timeframe, at least one director of WWP told another WWP employee that WWP was wanting to "make the organization younger."

13. Following the termination of one of the employees terminated under the leadership of Mr. Bruner, Mr. Bruner sent an email to WWP staff on October 13, 2014 with the following explanation of WWP's termination of the older employee:

> WWP is redefining its strategy for optimal protection and restoration of western public lands. Much like a predator-prey relationship, where WWP is predator and government agencies prey, the government has adapted to hide and defend against some of our routine approaches. In order to become more lean and nimble, WWP will be redirecting resources from development efforts back into programmatic and legal work that concentrates on improved ecological health and wildlife habitat on public lands. In the coming months, we will be developing new legal and policy strategies to more effectively target our prey. Of course, funding remains essential to the support our work, and WWP will continue to pursue both the continuation of financial support from current sources and increased support from new sources.

14.     In or about March, 2014, Defendant began removing job duties from Plaintiff for which she had been responsible and that she had consistently performed to a satisfactory level.

15.     Further, in March, 2014, Defendant began precluding Plaintiff from involvement with certain matters, the effect of which adversely impacted her ability to perform her remaining job duties to the best of her abilities.

16.     In or about the fall of 2014, Defendant demoted Plaintiff, further limited her job duties, and decreased her pay.

17.     At or about the same time, in the fall of 2014, Defendant reassigned Plaintiff's job duties to a younger employee, and provided that younger employee with a pay increase.

18.     On or about January 2, 2015, Plaintiff was involuntarily discharged by Defendant.

19.     Upon information and belief, Plaintiff's remaining job duties were assumed by an individual much younger than she upon her termination.

20.     Prior to filing this action, Plaintiff exhausted her administrative remedies by first filing a charge of age discrimination with the Idaho Human Rights Commission ("IHRC").  On April 29, 2016, the Idaho Human Rights Commission issued Plaintiff a Notice of Right to Sue, providing that this action must be commenced within ninety (90) days of that Notice, and this filing complies with that Notice and Idaho Code § 67-5908(2).

## COUNT I
### *VIOLATION OF ADEA (29 U.S.C. § 621 et seq.)*

21.     Plaintiff hereby incorporates by references paragraphs 1 through 20 above as if fully set forth herein.

22.     At the time of her demotion and subsequent termination, Plaintiff was a member of the protected class of individuals under the Age Discrimination in Employment Act of 1967, as amended.

23.     At the time of her initial demotion and subsequent termination, Plaintiff was performing her job duties in a satisfactory manner and was qualified for her position, which she had been doing continuously for approximately ten (10) years prior to her termination.

24.     The circumstances of Plaintiff's discharge give rise to a strong inference of discrimination against Plaintiff based upon her age, including but not limited to the prior termination of other employees who were all over the age of fifty (50), the comments from Defendant's Board of Directors regarding a desire to "make the organization younger," Defendant's Executive Director's stated effort to make the organization more "lean and nimble," and the reassignment of Plaintiff's job duties to a younger employee.

25.     Defendant's conduct as herein alleged constitutes unlawful and willful employment discrimination on account of Plaintiff's age.  Any reasons that Defendant may proffer to justify its adverse employment actions against Plaintiff are not true reasons, but are mere pretexts to hide Defendant's discriminatory animus.

26.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been and continues to be damaged, and is therefore entitled to an award of back pay, front pay, liquidated damages, and any other damages compensable under the ADEA (29 U.S.C. § 621 *et seq.*).

27.     As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has been forced to retain the services of GREENER BURKE SHOEMAKER OBERRECHT, P.A. in order to prosecute this action.  Plaintiff is therefore entitled to an award of attorney fees and costs pursuant to Federal Rule of Civil Procedure 54 and 29 U.S.C. § 626.

## COUNT II
### *VIOLATION OF IDAHO HUMAN RIGHTS ACT (Idaho Code § 67-5909)*

28.     Plaintiff hereby incorporates by references paragraphs 1 through 27 above as if fully set forth herein.

29.     Defendant's conduct as herein alleged constitutes unlawful employment discrimination on account of Plaintiff's age under the Idaho Human Rights Act.  Any reasons that Defendant may proffer to justify its adverse employment actions against Plaintiff are not true reasons, but are mere pretexts to hide Defendant's discriminatory animus.

30.     Defendant's conduct as herein alleged constitutes a willful violation of the Idaho Human Rights Act, as set forth in Idaho Code § 67-5908(3)(e).

31.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been and continues to be damaged, and is therefore entitled to an award of back pay, front pay, liquidated damages, and any other damages compensable under the Idaho Human Rights Act (Idaho Code § 67-5901 *et seq.*).

32.     As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has been forced to retain the services of GREENER BURKE SHOEMAKER OBERRECHT, P.A. in order to prosecute this action.  Plaintiff is therefore entitled to an award of attorney fees and costs pursuant to Federal Rule of Civil Procedure 54 and 29 U.S.C. § 626.

## RESERVATION OF RIGHT – PUNITIVE DAMAGES

33.     Defendant's illegal acts constitute extreme deviations from reasonable standards of conduct done with a harmful state of mind.  Plaintiff reserves the right to move to amend these pleadings pursuant to Idaho Code § 6-1604 to include claims for punitive damages against Defendant.

## ATTORNEYS' FEES & COSTS

34.    As a direct and proximate result of Defendant's acts and omissions as set forth herein, Plaintiff has been forced to employ the law firm of GREENER BURKE SHOEMAKER OBERRECHT, P.A., for the prosecution of this action and is therefore entitled to recover costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 626, Federal Rules of Civil Procedure 54(d) and (e), and/or any other applicable law or rule.  In the event that judgment is entered by default, Plaintiff seeks a sum of not less than $10,000.00 in attorneys' fees for the time, effort and expense incurred to prepare and bring this matter to suit.

## DEMAND FOR JURY TRIAL

35.    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable under the applicable laws and rules governing civil procedure in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment to be entered against Defendant as follows:

1.    For an award of damages to Plaintiff, including an award of back pay, front pay, benefits, consequential and compensatory damages, in an amount to be proven at trial;

2.    For an award of liquidated damages against the Defendant for its willful violation of the Age Discrimination in Employment Act of 1967, as amended;

3.    For an award of costs and reasonable attorneys' fees to Plaintiff for the prosecution of this action, as to be determined by this Court in accordance with Idaho Code § 12-120(3), 29 U.S.C. § 626, and Federal Rules of Civil Procedure 54(d) and (e).  In the event of judgment by default, Plaintiff requests an award of attorney fees no less than $10,000.00;

4.      For an award of punitive damages in the amount of $1,000 for each occurrence of

Defendant's willful violations of the Idaho Human Rights Act (Idaho Code § 67-5908(3)(e)); and

5.      For such other relief as this Court deems just and applicable.

DATED this 25th day of July, 2016.

GREENER BURKE SHOEMAKER OBERRECHT P.A.

By: _____

Thomas J. Lloyd III, Of the Firm
Attorneys for Plaintiff

## VERIFICATION

I, MARY K. FITE, being first duly sworn on oath, depose and say that I am the Plaintiff in the above-entitled action; I have read the foregoing Complaint, know the contents thereof and believe the same to be true.

_____
MARY K. FITE


SUBSCRIBED AND SWORN to before me this 25th day of July, 2016.

_____
Notary Public for Idaho
Residing at: Boise, ID
Commission Expires: 5/22/18